IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In re:  COLEMAN DUKE BRACKNEY, Debtor            No. 5:12-bk-72111
                                                  Chapter 7

**THOMAS R. AHERN and BARBARA POSTERT**            PLAINTIFFS

v.                        AP No. 5:12-ap-07109

**COLEMAN DUKE BRACKNEY**                         DEFENDANT

OPINION

Before the Court is the complaint of Thomas R. Ahern and Barbara Postert [the plaintiffs] filed on September 4, 2012, and the answer of Coleman Duke Brackney [the debtor] filed on September 26, 2012.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).  In their complaint, the plaintiffs argue that the debt owed to them, as co-administrators of the estate of James P. Ahern, by the debtor should be found nondischargeable under 11 U.S.C. § 523(a)(6) because the debt arose from a U.S. District Court jury verdict finding that the debtor used excessive force against the plaintiffs' brother, who is now deceased.  The Court held the trial on February 26, 2013, and at the conclusion, took the matter under advisement.  For the reasons stated below, the Court finds that the plaintiffs failed to prove by a preponderance of the evidence that the debtor caused a willful and malicious injury, as required under § 523(a)(6).  Accordingly, the debt is dischargeable in the event the debtor receives his discharge.

**Background**

According to the plaintiffs' complaint, the debtor, a police officer at the time, shot James Ahern multiple times during a traffic stop and killed him.  The complaint also contains the following statements:  that "[t]he Arkansas Deputy State Medical Examiner ruled that Mr. Ahern's death was a homicide" and that "[t]he jury verdict was grounded on Instruction 7 used in the trial of the US District Court matter finding that the killing was

unlawful, willful and malicious and was a homicide." However, the relevant facts before the Court according to the evidence admitted in the bankruptcy court trial are as follows:

1. The debtor shot and killed James P Ahern. The debtor was a police officer at the time the shooting occurred.[1]

2. The plaintiffs in this case filed a complaint in U.S. District Court against the debtor on December 13, 2010, alleging violations of the Federal Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution in relation to the shooting.[2]

3. At the U.S. District Court trial, Judge Jimm Hendren provided the jury with the definition of deadly force, in addition to the following instruction regarding the plaintiffs' excessive force claim: "Your verdict must be for the plaintiffs and against the defendant . . . if all the following elements have been proved: First, that defendant shot James Ahern when attempting to apprehend him; and Second, the force used was excessive because it was not reasonably necessary to apprehend [James Ahern] or to prevent a significant threat of death or serious physical harm to the

---

[1] The Court concludes that the debtor was a police officer at the time of the shooting, based on the jury instructions that require the jurors to consider how a "reasonable officer" would have acted.

[2] The statements made in the plaintiffs' complaint before this Court are similar to statements of fact and other allegations contained in the complaint previously filed in U.S. District Court. However, the Court can only consider facts supported by evidence entered in the bankruptcy court trial. Statements made within the U.S. District Court complaint must be treated as *allegations only* and not as facts before this Court, unless those allegations are supported by evidence before this Court. In addition, neither party entered into evidence the corresponding answer to the U.S. District Court complaint; hence, the Court cannot determine which, if any, of the allegations contained within the U.S. District complaint were admitted by the debtor in that case.

>           defendant or others; and Third, as a direct result, James Ahern was
>           injured." Judge Hendren also instructed the jurors that they could,
>           but were not required to, award the plaintiffs punitive damages if it
>           was proven that the debtor had acted maliciously or in a recklessly
>           indifferent manner against James Ahern.
> 4.        According to the Verdict Form, dated February 2, 2012, the jury
>           found in favor of the plaintiffs on their claim that the debtor used
>           excessive force against James P. Ahern. The jury members relied
>           on "Instruction No. 7" in making their determination and awarded
>           damages in the amount of $20,000 for loss of life. No punitive
>           damages or damages for conscious pain and suffering were
>           awarded.

**Findings of Fact and Conclusions of Law**

Section 523(a)(6) states that a debt is not dischargeable if it was incurred by "willful and malicious injury by the debtor to another entity . . . ." The Supreme Court has stated that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). As such, § 523(a)(6) is not applicable to debts that occur as the result of recklessly or negligently inflicted injuries. *Id.* The Eighth Circuit has interpreted § 523(a)(6) to require a court to find that the debtor committed both a willful injury and a malicious injury in order for a debt to be found nondischargeable. *Barclays Am./Bus. Credit, Inc. v. Long* (*In re Long*), 774 F.2d 875, 881 (8th Cir. 1985). Willful injuries include injuries that occur because the debtor acted with the desire to cause those consequences. *Blocker v. Patch* (*In re Patch*), 526 F.3d 1176, 1180 (8th Cir. 2008). Willful injuries also include those where the debtor knew that the injury was "substantially certain" to occur as a result of his actions. *Id.* Malicious injuries, to remain separately defined from willful injuries, require a heightened level of culpability. *Porter v. Porter* (*In re Porter*), 375 B.R. 822, 827 (8th Cir. B.A.P. 2007). An injury is malicious if it is the result of "conduct

3

targeted at the creditor at least in the sense that the conduct is certain or almost certain to cause harm." *Fischer v. Scarborough* (*In re Scarborough*), 171 F.3d 638, 641 (8th Cir. 1999). "Whether a debtor acted willfully and maliciously involves a finding of intent–a question of fact." *Van Daele Bros., Inc. v. Thoms* (*In re Thoms*), No. 12-1161, 2013 WL 410033, at *2 (8th Cir. Feb. 4, 2013) (citing *In re Waugh*, 95 F.3d 706, 711 (8th Cir. 1996)).

Neither party called the debtor to testify at the bankruptcy trial. Without an account of what happened at the time the debtor shot and killed James Ahern, the Court is left with many unanswered questions, including: what situation led to the shooting, whether others were present, how many times James Ahern was shot, and whether the debtor aimed at James Ahern when discharging his weapon. However, the jury instructions and verdict offer clues as to whether the debtor's injury to James Ahern was a willful injury as required under § 523(a)(6). The jury instructions direct the jurors to be mindful of the circumstances under which a *decision* is made to use a certain level of force, indicating deliberation on the part of the debtor. In addition, the jurors were provided with the following definition of deadly force: "force intended or reasonably likely to cause death or serious physical injury." Because the jurors used this definition when deciding whether the force was also *excessive*, the Court concludes that the debtor used deadly force against James Ahern. According to the jury instructions, deadly force contemplates an actor proceeding under two possible scenarios: (1) where force is used with the intent to cause death or serious physical injury, or (2) where force is used that is reasonably likely to cause death or serious physical injury (but without specific intent to cause those injuries). If, as in the first scenario, the debtor used force intended to cause death or serious physical injury, the debtor caused a willful injury because he acted with the intent to bring about those consequences. However, if the debtor used force "reasonably likely" to achieve the same result, as stated in the second scenario, a willful injury *may not* have occurred. As stated in *In re Patch*, willful injuries include those where the debtor knew that the injury was "substantially certain" to occur as a result of his actions. Presumably, this is a higher standard than the "reasonably likely" standard provided in the jury

4

instructions regarding deadly force. The Court only knows the result of the debtor's actions, that James Ahern was shot and killed, but not the debtor's specific actions or intent at the time the shooting occurred. For this reason, the Court cannot find that the debtor caused a willful injury.

Even if the Court had sufficient evidence to find that the debtor willfully injured James Ahern, the plaintiffs have not met their burden of proving by a preponderance of the evidence that the debtor also caused a malicious injury under § 523(a)(6). The Court must again rely on the jury instructions and the verdict. The jury instructions list factors for the jurors to consider when determining whether the three elements of excessive force had been met. One of the factors is "whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances." Similarly, the jury instructions state that jurors "must decide whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer." These "reasonable officer" instructions directed the jury to make a decision based on an objective standard. This determination is supported by the Supreme Court, which has stated that "[a]s in other Fourth Amendment contexts . . . the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989).[3]

Because the jury's findings were based on an objective standard, the verdict does not, per se, show that the debtor caused a malicious injury as required under § 523(a)(6). A malicious injury requires that the debtor targeted James Ahern with the intent to harm him. The only portion of the jury instructions that refers to the debtor's subjective state

---

[3] The jury instructions included language very similar to the quoted language from the Supreme Court, with the exception of the phrase "without regard to [the debtor's] underlying intent motivation," which did not appear. Even without that language, however, the jury was directed to make its decision based on the same objective standard.

5

of mind at the time of the shooting–which would indicate intent–was the section on damages. In that section, the jury was asked to consider that "[i]f you find in favor of plaintiffs under Instruction Number 7, and if it has been proved that the conduct of the defendant . . . was malicious or recklessly indifferent to James Ahern's life, then you may, but are not required to, award the plaintiffs an additional amount as punitive damages for the purpose of punishing the defendant . . . ." The jury verdict shows that no punitive damages were awarded. This may be some indication of the jury's view of the debtor's actions, but the Court cannot consider it conclusive evidence because the jury was given that option rather than a directive. The Court has no additional evidence from which to make a determination regarding the debtor's subjective intent at the time he shot James Ahern. Accordingly, the Court cannot find that the plaintiffs met their burden of proving by a preponderance of the evidence that the debtor caused a malicious injury against James Ahern.

In summary, the issue before the Court is whether the jury's verdict shows that the debtor's use of excessive force, as defined by the U.S. District Court, was *ipso facto* willful and malicious. The Court cannot reach that conclusion. The debtor's actions may have been willful and malicious, but the Court does not have sufficient facts before it to find that the plaintiffs met their burden by a preponderance of the evidence. Accordingly, the Court finds that the debt owed to the plaintiffs as co-administrators of James Ahern's estate is dischargeable in the event that the debtor receives his discharge.

IT IS SO ORDERED.

 March 14, 2013                                                                         
DATE                                                                          BEN T. BARRY
                                                                               UNITED STATES BANKRUPTCY COURT

cc:    Stanley V. Bond
        J. Christopher Harris
        U.S. Trustee